

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

BERNICE DAVIS,

Plaintiff,

v.

SFR ACQUISITIONS 3 LLC,

OPVHHJV LLC d/b/a PATHLIGHT PROPERTY MANAGEMENT,

HOME PARTNERS OF AMERICA,

PATRICK GARCIA, in his individual capacity and as attorney for SFR and Pathlight,

CHRISTIAN TENLEY, ABIGAIL VANHORN, EBBS ARTHUR, 1–10, and

MAGISTRATE SUSAN S. CAMP in HER official and individual capacity, DEAH B WARREN

Defendants.

CIVIL ACTION NO.: _____

1:25-CV-2901

---

## VERIFIED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF,

DAMAGES UNDER 42 U.S.C. §§ 1983, 1985(2), AND STATE LAW,

AND TO SET ASIDE JUDGMENTS OBTAINED BY FRAUD

---

## I. INTRODUCTION AND SUMMARY OF THE CASE

1. This case arises out of a coordinated scheme between private real estate actors and state court agents operating under color of law to defraud Bernice Davis of her home, deprive her of due process, and obstruct pending quiet title proceedings through a series of fraudulent filings, procedural manipulation, and collusion with judicial actors.
2. The dispute centers around 3600 Rosewood Court, Douglasville, Georgia, where Plaintiff resided under a lease-purchase agreement with Home Partners of America ("HPA"). She made substantial monthly payments toward ownership.

3. In March 2024, Plaintiff discovered her Equifax credit report reflected the underlying loan as paid off. She filed a UCC-1 Financing Statement on March 8, 2024, publicly asserting her interest.
4. In February 2025, Plaintiff initiated a quiet title action in the Superior Court of Douglas County. Neither HPA nor Pathlight Property Management appeared at the initial hearing. That case remains active and assigned to Judge Wallace, with a hearing scheduled for July 2, 2025.
5. Despite these facts, Defendants Pathlight and SFR Acquisitions filed a motion to renew a stale writ of possession in the Douglas County Magistrate Court in April 2025. The presiding Magistrate Judge ("John Doe") ignored all evidence submitted by Bernice Davis, including her ownership claims, UCC filings, credit documents, and quiet title notice.
6. That Magistrate then granted the writ, enabling a fraudulently concealed transfer of possession, all while knowing the Superior Court still had jurisdiction.
7. Defendant Patrick Garcia, acting as counsel for SFR and Pathlight, withheld critical disclosures, misrepresented Bernice's legal status, and asserted fraudulently that no ownership claim existed — despite knowing of the UCC, the paid-off notation, and the pending title case.
8. These actions, in concert, violated Bernice Davis's rights under the Fifth and Fourteenth Amendments, as well as her right to equal protection, due process, and her right to be free from judicial fraud, and they give rise to actionable claims under:
    - 42 U.S.C. § 1983 – Deprivation of constitutional rights under color of law
    - 42 U.S.C. § 1985(2) – Conspiracy to obstruct justice and deny equal protection
    - Throckmorton doctrine – Fraud on the court (extrinsic)
    - O.C.G.A. § 23-3-60 et seq. – Quiet title
    - O.C.G.A. § 9-11-60(d)(2) – Set aside for fraud
    - U.S. Constitution, Art. IV, § 1 and 14th Amendment

## II. JURISDICTION AND VENUE

9. This Court has original jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the Fifth and Fourteenth Amendments, and federal civil rights statutes 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2).
10. Jurisdiction is also proper under 28 U.S.C. § 1343(a)(3), which authorizes federal jurisdiction over actions to redress deprivations of constitutional rights by persons acting under color of state law.
11. Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over related claims arising under Georgia state law, including quiet title, fraud on the court under O.C.G.A. § 9-11-60(d)(2), and declaratory relief. These claims derive from the same operative nucleus of fact as Plaintiff's federal claims and form part of the same case or controversy.
12. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Douglas County, Georgia, which lies within the Atlanta Division of the Northern District of Georgia.
13. Plaintiff has standing under Article III of the Constitution as she has suffered actual and concrete harm: the deprivation of her home, property, and legal process through government-aided fraud, false court orders, and misapplication of legal procedures. The relief sought—injunction, damages, and declaration of title—will redress these injuries.
14. Rooker-Feldman does not apply, as Plaintiff is not challenging a final state court judgment, but rather alleges a pattern of fraud, deception, and extrinsic misconduct that corrupted the judicial process itself and prevented meaningful participation, consistent with Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), and Throckmorton, 98 U.S. 61 (1878).
15. Younger abstention is inapplicable, as there are no ongoing criminal or quasi-criminal state proceedings. Plaintiff's quiet title action remains pending, and this suit does not seek to interfere, but rather to ensure constitutional safeguards were not bypassed in a lower court whose writ was issued under materially false pretenses and without jurisdiction.

## III. PARTIES

16. Plaintiff BERNICE DAVIS is a natural person, a resident of Douglasville, Georgia, and the equitable titleholder of the real property located at 3600 Rosewood Court, Douglasville, GA 30135. She entered into a lease-purchase agreement with Home Partners of America in 2020, has resided in the property since that time, and has paid substantial sums toward ownership. Her rights, liberty interests, and property have been violated under color of state law, through a series of fraudulently induced court actions and suppression of key title evidence.
17. Defendant SFR ACQUISITIONS 3 LLC is a Delaware limited liability company operating in Georgia. It claims to be the owner of the subject property and has sought writs of possession through the Douglas County Magistrate Court despite its failure to prove ownership or chain of title. It has acted in concert with other Defendants to dispossess Plaintiff of her property interest without due process or valid legal basis.
18. Defendant OPVHHJV LLC d/b/a PATHLIGHT PROPERTY MANAGEMENT is a related entity and purported property manager for SFR Acquisitions 3 LLC. It has presented itself to the courts as Plaintiff's landlord while denying her equitable ownership, failed to disclose Plaintiff's lease-purchase agreement or her UCC-1 filing, and actively misrepresented Plaintiff's legal status to the Magistrate Court.
19. Defendant HOME PARTNERS OF AMERICA is the entity that originated the lease-purchase agreement with Plaintiff. It reported the debt associated with the agreement as "paid in full" to national credit bureaus in 2024. Rather than honoring Plaintiff's accrued interest or ownership, it appears to have transferred, securitized, or otherwise sold the note and/or title to affiliated entities while denying Plaintiff all equitable interest—violating her rights and creating a fraudulent legal posture from which Pathlight and SFR now act.
20. Defendant PATRICK GARCIA is a private attorney licensed in the State of Georgia who represented SFR Acquisitions and Pathlight in eviction proceedings. He is sued in his individual capacity for actions under color of law in which he knowingly withheld key ownership and credit evidence, advanced fraudulent filings, and participated in a legal scheme to defraud the court by exploiting Bernice Davis's pro se status and suppressing dispositive material facts. He also refused to comply with discovery while invoking court authority for one-sided relief.
21. Defendant MAGISTRATE JOHN DOE is sued in his official and individual capacities as a Georgia magistrate judge who presided over the April 14, 2025, hearing. Despite being informed of a pending quiet title action, a UCC-1 claim of interest, and a "paid in full" credit entry, he renewed a writ of possession and failed to grant Plaintiff equal protection or a meaningful opportunity to present her ownership evidence—constituting action under color of law in violation of the Fourteenth Amendment and Georgia Constitution. His actions amount to a denial of process and to de facto ratification of fraud on the court.
22. JOHN DOES 1–10 are presently unknown individuals who acted in support of the above-named Defendants in furtherance of the deprivation of Plaintiff's rights, including staff at law firms, agents of Pathlight or Home Partners, or individuals who facilitated the improper transfer, sale, or recording of title documents related to the subject property.

## IV. FACTUAL BACKGROUND

### A. Plaintiff's Lease-Purchase and Equitable Ownership Interest

23. In or around 2020, Plaintiff Bernice Davis entered into a lease-purchase agreement with Home Partners of America (HPA), securing the right to occupy and ultimately acquire title to 3600 Rosewood Court, Douglasville, GA 30135.
24. The lease agreement required monthly payments of approximately $3,010, which Plaintiff diligently paid over time, under the expectation that ownership would transfer or be credited.

25. Despite making substantial payments, Plaintiff was never provided a full and proper accounting of her ownership equity or notified of any formal foreclosure or rescission of her rights under the purchase option.

### B. Concealed Discharge and UCC Filing

26. In March 2024, Plaintiff reviewed her Equifax credit report and discovered that the debt related to the property was listed as "Paid in Full" by HPA or its related servicer, and that no liability was reflected as outstanding.
27. On March 8, 2024, Plaintiff filed a UCC-1 Financing Statement with the Georgia Secretary of State, identifying her secured interest in the property based on the lease-purchase payments and constructive discharge of obligation. This filing placed all subsequent parties on constructive notice of Plaintiff's claim.
28. At no time did any Defendant—including Pathlight, SFR, or their counsel—notify Plaintiff of a transfer of legal title, sale into trust, or forfeiture of her purchase rights.

### C. Quiet Title Action and Non-Appearance of Defendants

29. On or about February 2025, Plaintiff filed a petition to quiet title in the Superior Court of Douglas County, seeking to confirm her equitable and legal interest in the property. The case was assigned to Judge Wallace.
30. Judge Wallace instructed Plaintiff to serve the named defendants by process server, which Plaintiff did in accordance with the Court's directive.
31. Neither Home Partners, Pathlight, nor SFR Acquisitions 3 LLC appeared or filed any opposition to the quiet title petition, thereby defaulting on their opportunity to challenge Plaintiff's ownership.
32. A follow-up hearing in the quiet title matter is set for July 2, 2025. Plaintiff remains in legal possession of the property, pending that review.

### D. Magistrate Court Scheme and Fraudulent Writ of Possession

33. On or about March 2025, Defendants Pathlight and SFR, represented by Defendant Patrick Garcia, filed a motion in Douglas County Magistrate Court to renew a previously issued writ of possession that had been rendered stale due to Plaintiff's pending appeal and the quiet title action.
34. At the April 14, 2025 hearing, Plaintiff informed the court that:
- A quiet title action was active;
- Her UCC-1 was filed and valid;
- Her credit report reflected full payment;
- No valid deed had been shown transferring ownership to SFR or Pathlight.
35. Plaintiff also attempted to present her affidavit of facts, multiple exhibits, and requested discovery enforcement. These were ignored by the Magistrate Judge, who instead proceeded to renew the writ.
36. The court also ignored Plaintiff's motion for continuance, denied any request for a de novo review, and refused to address or investigate the title dispute or the pending Superior Court action—despite clear Georgia case law requiring judicial abstention when title is in question.
37. On information and belief, Defendant Patrick Garcia falsely represented to the Magistrate Court that:
- Plaintiff had no ownership rights;
- There was no quiet title action;
- No discovery was owed or required.
38. These misrepresentations were deliberate, material, and made under color of state law to induce a court ruling. The result was an unlawful order authorizing eviction and transfer of property possession, while suppressing all contrary ownership evidence.

### E. Corporate Scheme to Disguise Ownership Transfers and Defraud Equitable Owners

39. Upon investigation, Plaintiff discovered that Home Partners of America and Pathlight Property Management are part of a complex entity structure in which properties:
- Are purchased using tenant-based installment contracts;
- Then sold or securitized into trusts;
- Then transferred to third-party holding companies (like SFR Acquisitions 3 LLC) that operate as debt collectors with eviction authority;
- All while denying the tenant the opportunity to exercise their ownership option.
40. Plaintiff alleges this structure is designed to strip residents of home equity, conceal true titleholders from courts, and use judicial machinery to legitimize unlawful dispossession. This constitutes fraudulent inducement, constructive fraud, and a pattern of racketeering-style legal abuse aided by judicial officers and attorneys.

## V. CAUSES OF ACTION

## COUNT I

Violation of Plaintiff's Procedural and Substantive Due Process Rights

(U.S. Const. amend. V and XIV; 42 U.S.C. § 1983)

41. Plaintiff realleges and incorporates by reference all prior paragraphs as though fully stated herein.
42. At all times relevant to this action, Defendants Pathlight, SFR Acquisitions, Patrick Garcia, and Magistrate John Doe acted under color of law by engaging Georgia's courts to enforce rights, issue judgments, and dispossess Plaintiff of her property interest through legal authority.
43. The Fifth and Fourteenth Amendments to the U.S. Constitution guarantee that no person shall be deprived of life, liberty, or property without due process of law, and such rights are enforceable under 42 U.S.C. § 1983.
44. Defendants' conduct deprived Plaintiff of both procedural and substantive due process in the following ways:

### A. Procedural Due Process Violations

45. Plaintiff had a vested property interest in her home at 3600 Rosewood Court, stemming from:
- Her lease-purchase agreement;
- Substantial monthly payments totaling over $60,000;
- A publicly filed UCC-1 asserting her interest;
- A pending quiet title action in Superior Court.
46. Plaintiff was entitled to notice and a meaningful opportunity to be heard before any writ of possession could lawfully issue. See Mathews v. Eldridge, 424 U.S. 319 (1976).
47. However, Magistrate Judge John Doe denied Plaintiff:
- The right to introduce evidence of ownership;
- The right to discovery or enforcement of her requests;
- Any fair evaluation of the Superior Court action or UCC filing;
- A full evidentiary hearing on title before granting possession to third parties.
48. Defendant Garcia, acting under color of law as an officer of the court, knowingly withheld exculpatory documents, falsely asserted there was no ownership dispute, and misrepresented Plaintiff's legal position.
49. These actions resulted in false judicial findings, renewed writs, and loss of home possession, all without Plaintiff's rights being adjudicated on the merits.

### B. Substantive Due Process Violations

50. Defendants' conduct shocks the conscience and violated the substantive component of the Fourteenth Amendment, as they:
- Deprived Plaintiff of her home via fraudulent court filings;
- Denied her access to full and fair legal process;
- Exploited judicial mechanisms to cover private fraud;
- Used the appearance of legality to launder a deprivation of property.
51. These were not mere procedural errors—they were deliberate, coordinated, and unjustifiable uses of government power to remove Plaintiff from property she lawfully occupied and had invested in.

### C. No Adequate State Remedy

52. Plaintiff has attempted all available remedies in state court, including filing a quiet title action, attending all hearings, seeking discovery, and raising these issues in every available forum. Her due process rights remain unaddressed and unresolved.
53. Plaintiff has suffered irreparable harm, including:
- Loss of access to her home;
- Damage to reputation and credit;
- Emotional distress and fear of retaliation;
- Denial of equity and interest in her property.
54. As a direct and proximate result of Defendants' actions, Plaintiff is entitled to:
- Compensatory damages;
- Declaratory and injunctive relief;
- Punitive damages against Garcia and Magistrate John Doe (in individual capacity);
- Attorneys' fees under 42 U.S.C. § 1988.

# COUNT II

Violation of Plaintiff's Right to Equal Protection

(U.S. Const. amend. XIV; 42 U.S.C. § 1983)

55. Plaintiff incorporates by reference all prior paragraphs.
56. The Equal Protection Clause of the Fourteenth Amendment prohibits state actors from treating similarly situated individuals differently without a rational basis, and especially prohibits arbitrary and invidious discrimination.
57. Under color of law, Magistrate John Doe and Defendant Garcia applied Georgia court procedures and rules in a discriminatory and unequal manner by:
- Ignoring Plaintiff's filings, UCC-financing statements, and quiet title case;
- Denying discovery enforcement while permitting opposing parties to submit unrebutted claims;
- Issuing a writ of possession without reviewing ownership or hearing evidence of her payments and public filings;
- Allowing corporate landlords to violate court processes, while holding Plaintiff to strict deadlines and procedural burdens;
- Punishing her for asserting ownership, a right that white or represented homeowners are routinely permitted to litigate.
58. Plaintiff was treated unequally based on her pro se status, her economic disadvantage, and possibly her race—each of which resulted in systematic denial of due process and unequal application of law.
59. Plaintiff was denied the opportunity to defend her property interest on the same terms that similarly situated individuals—particularly those represented by counsel—would receive.

60. These disparities violate clearly established equal protection principles, and as such, Plaintiff is entitled to:
- Declaratory relief;
- Compensatory damages;
- Punitive damages against the individual actors;
- Costs and attorneys' fees under 42 U.S.C. § 1988.

---

## COUNT III

Conspiracy to Obstruct Justice and Deny Equal Protection

(42 U.S.C. § 1985(2))

61. Plaintiff incorporates all prior paragraphs by reference.
62. 42 U.S.C. § 1985(2) prohibits conspiracies to impede or obstruct justice in any state court, with the intent to deny a party equal protection of the laws.
63. Defendants SFR Acquisitions, Pathlight, Patrick Garcia, and Magistrate John Doe entered into an implicit or explicit agreement to:
- Suppress Plaintiff's ownership claims;
- Prevent presentation of evidence in court;
- Use fraudulent misrepresentations to influence the outcome of judicial proceedings;
- Exploit Plaintiff's self-represented status and bypass required protections under Georgia law;
- Deceive the court about the true ownership and title status of the property;
- Prevent judicial review of the lease-purchase agreement and financial documents.
64. The conspiracy was furthered through:
- Renewed writs of possession based on misleading court filings;
- Mischaracterization of Plaintiff's position as tenant only;
- Failure to disclose discovery;
- Use of judicial indifference to ratify the scheme.
65. The conspiracy had the specific intent to obstruct the due course of justice, cause injury to Plaintiff, and prevent her from fully vindicating her rights in the judicial system.
66. Plaintiff was harmed by this conspiracy through:
- Loss of legal access to her home;
- Judicial findings based on false representations;
- Denial of her constitutional right to be heard;
- Emotional, financial, and reputational damages.
67. No legitimate justification existed for the concerted action taken by Defendants. Their actions were motivated by a desire to prevent Plaintiff from asserting equal property rights, and to protect a fraudulent property transfer from scrutiny.
68. Plaintiff is entitled to:
- Compensatory and punitive damages;
- Equitable relief to unwind the effects of the conspiracy;
- Injunctive relief preventing further action based on the conspiracy's outcome;
- Attorneys' fees under 42 U.S.C. § 1988.

## COUNT IV

Fraud on the Court – Extrinsic Fraud Under Throckmorton and O.C.G.A. § 9-11-60(d)(2)

69. Plaintiff incorporates all preceding paragraphs.
70. Defendants committed a fraud on the court in violation of U.S. Supreme Court precedent (United States v. Throckmorton, 98 U.S. 61 (1878); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)) and Georgia Code § 9-11-60(d)(2), which allows a judgment to be set aside when it was procured by fraud.
71. The fraud here was extrinsic—meaning it prevented the Court from fairly adjudicating the matter and prevented Plaintiff from meaningfully participating in the process.
72. Specifically:
- Defendants withheld material documents (e.g., lease-purchase agreement, credit report "paid off" entry, and UCC-1 filing);
- Made affirmative misrepresentations about ownership and status;
- Filed and prosecuted legal pleadings while knowing the matter was subject to a quiet title petition in a higher court with proper jurisdiction;
- Suppressed relevant defenses and misled the court into believing the Plaintiff was a mere tenant refusing to pay rent.
73. The Magistrate Judge, despite notice of these irregularities, renewed the writ and issued relief based on materially false premises—thus rendering the entire judicial process invalid.
74. Fraud on the court is not merely litigation misconduct—it is a corruption of the judicial function itself and justifies vacating all orders issued as a result of the scheme, including:
- The renewed writ of possession;
- Any denial of Plaintiff's ownership;
- Any order based on omission of Plaintiff's legal filings.
75. Plaintiff seeks:
- A declaration that the Magistrate Court's renewed writ and any related orders are null and void ab initio;
- Expungement of those records;
- Further relief under this Court's equitable jurisdiction to remedy the continuing injury.

## COUNT V

Declaratory and Injunctive Relief

(28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P. 65)

76. An actual controversy exists between Plaintiff and Defendants, as described above.
77. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration that:
- Her constitutional rights were violated;
- The lease-purchase agreement conveyed a valid equitable interest;
- The writ of possession and all subsequent enforcement actions are invalid;
- The court's refusal to hear her evidence or enforce discovery was unconstitutional;
- The property title remains under dispute and cannot lawfully be adjudicated through dispossessory action.
78. Plaintiff further seeks injunctive relief under 28 U.S.C. § 2202 and Rule 65, including:
- Prohibiting any future eviction based on the current writ;
- Ordering removal of any recorded judgment relating to dispossession;
- Mandating Defendants acknowledge and disclose Plaintiff's lease-purchase interest in all litigation;
- Preventing Defendants from retaliating or re-filing until quiet title is resolved;
- Requiring Douglas County Magistrate Court to implement training and a system to flag title disputes before issuing writs.

79. Without this relief, Plaintiff faces irreparable harm, including future dispossession, loss of legal remedies, and permanent denial of equitable ownership.

## COUNT VI

Monell Liability – Policy, Practice, or Custom Leading to Constitutional Violations

(42 U.S.C. § 1983)

80. Plaintiff realleges all prior paragraphs.
81. Under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), municipalities are liable under § 1983 when a policy, practice, or custom causes constitutional harm.
82. The Douglas County Magistrate Court (via Magistrate John Doe and the clerk's office) exhibited the following unconstitutional policies or customs:
- Failing to check pending quiet title actions before issuing writs of possession;
- Ignoring equitable ownership disputes in favor of rubber-stamping landlord requests;
- Failing to train judges and clerks on reviewing UCC filings or handling lease-purchase arrangements;
- Permitting one-sided enforcement of court access and denying discovery to pro se litigants;
- Ratifying legal filings without verifying material facts.
83. These policies resulted in a predictable deprivation of Plaintiff's federal rights and directly caused her injuries, including property loss, litigation costs, and irreparable harm.
84. The County is liable for:
- All compensatory damages jointly and severally with individual Defendants;
- Implementation of injunctive reforms to prevent recurrence;
- Fees and costs under 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bernice Davis respectfully requests that this Court enter judgment in her favor and grant the following relief:

1. Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that:
   - Defendants violated Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments;
   - The writ of possession and any resulting orders are void ab initio due to fraud on the court;
   - Plaintiff's lease-purchase agreement and recorded filings conveyed equitable ownership rights;
   - Defendants' conduct constituted a civil rights conspiracy and denial of equal protection.
2. Injunctive Relief pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, including:
   - Enjoining further enforcement of the writ of possession;
   - Requiring expungement of all eviction-related orders or judgments from Plaintiff's record;
   - Mandating reforms and oversight within Douglas County Magistrate Court to ensure constitutional compliance where quiet title or equitable ownership claims exist;
   - Prohibiting retaliatory re-filing of dispossessory actions by Defendants while title remains under Superior Court review.
3. Monetary Damages, including:
   - Compensatory damages for emotional distress, lost housing, economic loss, and legal expenses;