IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERNICE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>SFR ACQUISITIONS 3 LLC, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>1:25-cv-02901-TRJ |

**ORDER**

All Defendants in this lawsuit filed motions to dismiss Plaintiff's second amended complaint for failure to state a claim. (Docs. 49, 50, 51, 52, 53). On February 19, 2026, the Magistrate Judge recommended that Defendants' motions to dismiss be granted and that Plaintiff's claims be dismissed with prejudice. (Doc. 73). On March 2, 2026, Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 76). On July 13, 2026, Plaintiff untimely filed "supplemental amended objections" to the R&R, which the Court need not consider. (Doc. 92). Having reviewed Plaintiff's timely objections, the Court **OVERRULES IN PART** Plaintiff's objections and **ADOPTS** the findings and conclusions in the R&R.

In reviewing an R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1). A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565

F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (citation modified). If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Ultimately, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CIV. P. 72(b)(3).

A party's reiteration of her original arguments that were already presented to the Magistrate Judge is insufficient to trigger *de novo* review. *See Walker v. Windham Invs., Inc.*, No. 1:24-cv-04138-VMC, 2026 WL 915573, at *2 (N.D. Ga. Feb. 23, 2026) ("[O]bjections that seek to expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions are improper." (citation omitted)); *Matthews v. Ally Bank*, No. 1:23-cv-05106-MLB, 2024 WL 4251294, at *1 (N.D. Ga. July 11, 2024) (objections "which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge" are insufficient (citations omitted)); *Chester v. Bank of Am., N.A.*, No. 1:11-cv-01562-MHS, 2012 WL 13009233, at *1 (N.D. Ga. Mar. 29, 2012) ("[G]eneral objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." (citation omitted)).

Here, most of Plaintiff's objections to the R&R do not raise any specific

objection to factual findings by the Magistrate Judge, but instead only restate the arguments contained in her various opposition briefs to Defendants' motions to dismiss. In her first objection, Plaintiff argues that the *Rooker-Feldman* doctrine is inapplicable because "the source of injury is defendants' conduct" and "not from the mere existence of a judgment." (Doc. 76 at 2–3). Plaintiff, however, already raised this exact argument in her opposition briefs to Defendants' motions. (Doc. 54 at 3, 7; Doc. 55 at 4; Doc. 61 at 5; Doc. 62 at 5–6). And the Magistrate Judge addressed Plaintiff's arguments regarding the applicability of the *Rooker-Feldman* doctrine in detail in the R&R. (Doc. 73 at 10–14). Thus, the Court need not consider this objection.

Plaintiff's second objection relates to the applicability of *Younger* abstention. (Doc. 76 at 3). Specifically, she argues that the eviction and quiet title actions have concluded and because "[a]bstention cannot apply to completed proceedings," the Magistrate Judge's application of *Younger* abstention constitutes legal error. (*Id.*) A review of the Douglas County Superior Court docket reflects that Plaintiff attempted to file an appeal in July 2025, but her application to proceed without paying court fees was rejected, and her appeal was never docketed. *See Davis v. SFR Acquisitions 3 LLC, et al.,* No. 25CV00800, found at courts.dcga.us/WebSearch/mainpage.aspx (last visited Sep. 19, 2026). Nevertheless, even assuming the eviction and quiet title actions have concluded and are "final" for purposes of *Younger* abstention, the relief Plaintiff seeks in this lawsuit would require the Court to conclude the state courts wrongly decided the issues. Thus, the *Rooker-Feldman* doctrine still applies. *See Jackson v. Leftridge-Harris*, No. 1:24-cv-00200-SDG, 2025 WL 949994, at *3–4 (N.D.

Ga. Mar. 28, 2025). Accordingly, although Plaintiff's objection as to the applicability of *Younger* abstention is sustained, it does not alter the Court's ultimate conclusion because the *Rooker-Feldman* doctrine still bars this Court from hearing Plaintiff's claims in this lawsuit.[1]

In her third objection, Plaintiff argues that she "alleges jurisdictional and procedural irregularities during the issuance and enforcement of the writ" and that a "void judgment is a legal nullity." (Doc. 76 at 4). But she raised this argument in one of her opposition briefs, and it was already considered by the Magistrate Judge. (Doc. 63 at 7–8; Doc. 73 at 11–13). Thus, the Court need not consider this argument.

As to her fourth objection, Plaintiff argues that "judicial immunity does not resolve this case at the pleading stage" and that "factual development is required." (Doc. 76 at 4–5). But Plaintiff briefed the issue of judicial immunity in her opposition briefs, and the Magistrate Judge considered those arguments in the R&R. (Doc. 54 at 4; Doc. 61 at 3–6; Doc. 62 at 6–7; Doc. 63 at 3). To the extent Plaintiff is arguing that the issue of judicial immunity should not be resolved at the motion to dismiss stage, this is not supported by the allegations in her second amended complaint. Plaintiff does not identify what specific "factual development" she believes is necessary, nor does she allege in her second amended complaint that the judicial officers named in this lawsuit were acting outside the scope of their judicial capacities in a manner that

[1] Only Defendants Patrick Garcia, Christine Tenley, and Abigail Van Horn raised *Younger* abstention as one possible basis for dismissal in their motion to dismiss. (Doc. 52). The remaining Defendants did not cite *Younger* abstention as a basis for dismissal. All Defendants cited to the *Rooker-Feldman* doctrine and/or judicial immunity as the basis for dismissal. (Docs. 49, 50, 51, 52, 53).

would bar the application of judicial immunity. Indeed, the actions Plaintiff challenges here—issuance of orders, management of proceedings, and adjudication of disputes—are the kind of judicial acts shielded from suit. *See Scott v. Hayes*, 719 F.2d 1562, 1565–67 (11th Cir. 1983) (judicial immunity applicable where complained-of conduct involves case adjudication and other functions normally performed by a judge); *Sibley v. Lando*, 437 F.3d 1067, 1070–71 (11th Cir. 2005) (case management decisions and issuance of orders considered "normal judicial function"). Thus, the Magistrate Judge correctly determined judicial immunity applies at the motion to dismiss stage.

In her fifth objection, Plaintiff argues that dismissal with prejudice is improper because *pro se* litigants "must generally be given at least one opportunity to amend before dismissal with prejudice unless amendment would be futile." (Doc. 76 at 5). But the Magistrate Judge already gave Plaintiff an opportunity to amend her complaint. (Doc. 44). Plaintiff filed her original complaint on May 27, 2025 (Doc. 1), and her first amended complaint on June 23, 2025 (Doc. 12). Thereafter, Plaintiff moved for leave to file a second amended complaint (Doc. 28), and the Magistrate Judge directed Plaintiff to file a second amended complaint (Doc. 44), which Plaintiff did on October 16, 2025 (Doc. 48). Although *pro se* litigants are generally given at least one opportunity to amend a complaint before it is dismissed, a plaintiff's *pro se* status, alone, does not entitle her to multiple amendments. *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018); *see also Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (finding that because the plaintiff "already had been given an opportunity to correct his pleadings, the judge was not

required to give him another chance”). Here, Plaintiff has already amended her complaint twice, once as a matter of course and once with leave from the Magistrate Judge. (Doc. 44). Plaintiff has provided no basis for an additional opportunity to amend.

For these reasons, the Court **OVERRULES IN PART** Plaintiff’s objections to the R&R (Doc. 76), but finds that *Younger* abstention does not apply to Plaintiff’s claims. The Court **ADOPTS** the remaining findings and conclusions in the R&R (Doc. 73) as the opinion and order of the Court. For the reasons stated in this Order and the R&R, Defendants’ pending motions to dismiss (Docs. 49, 50, 51, 52, 53) are **GRANTED**, and all of Plaintiff’s claims are **DISMISSED** with prejudice. The Clerk is respectfully **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 21st day of September, 2026.

TIFFANY R. JOHNSON
United States District Judge